**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL BARNES,

    Plaintiff,                                          Case No. 3:21-cv-00132

v.

U.S. AUTO CREDIT CORPORATION

    Defendant.

_____/

**COMPLAINT**

**NOW COMES** Michael Barnes ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of U.S. Auto Credit Corporation ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes § 559.55.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA and FCCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is headquartered and conducts business in the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant provides "subprime lending services for auto dealers"[1] across the country. Defendant is a corporation organized under the laws of the State of Florida, with its principal place of business located at 8120 Nations Way, Suite 208, Jacksonville, Florida 32256.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the events giving rise to this cause of action, Plaintiff financed a 2012 Ford Focus through Defendant ("subject debt").

8. Around late 2018, Defendant began placing collection calls to Plaintiff's cellular phone number, (704) XXX-0711, in an attempt to collect on the subject debt.

9. At all times relevant to the instant action, Plaintiff was the sole owner, processor, and operator of the cellular telephone number ending in 0711.

10. In March 2020, Plaintiff suffered from financial difficulty stemming from the ongoing COVID-19 pandemic and fell behind on his payments.

11. Around May 2020, Defendant began to place incessant collection calls to Plaintiff's cellular phone.

---

[1] https://www.usautocreditcorp.com/

12. In June 2020, Plaintiff answered a call from Defendant and spoke with a representative named Theo. During this call, Plaintiff requested that the calls cease. Theo responded by stating the calls would continue.

13. Despite Plaintiff's demand the phone calls cease, Defendant continued to place collection calls, including pre-recorded collection calls, to Plaintiff's cellular phone.

14. In August 2020, Plaintiff answered *another* collection call and spoke with a female representative of Defendant. During this call, Plaintiff *again* requested that the collection calls cease.

15. Notwithstanding Plaintiff's requests that Defendant cease placing phone calls to his cellular phone, Defendant placed or caused to be placed unrelenting harassing phone calls, including pre-recorded messages, to Plaintiff's cellular phone between June 2020 and the present day.

16. In the phone calls Plaintiff answered, Plaintiff was greeted by either a pre-recorded message or noticeable pause before having the opportunity to connect with a live agent.

## DAMAGES

17. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

18. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription

services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

19. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

20. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

22. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

23. Upon information and belief, based on the noticeable pause and pre-recorded messages, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

24. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between June 2020 and the present day, using an ATDS without his consent.

25. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

26. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

27. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

28. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

29. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

30. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff MICHAEL BARNES respectfully prays this Honorable Court for the following relief:
   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call, and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Awarding Plaintiff costs and reasonable attorney fees;
   d. Enjoining Defendant from further contacting Plaintiff; and
   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

32. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

33. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.27

because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. § 559.51(1).

34. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

35. Defendant violated sections 559.72(7) of the FCCPA through its unlawful conduct.

    a.    **Violations of FCCPA § 559.72(7)**

36. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor.

37. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff demanded that Defendant stop calling him. Defendant ignored Plaintiff's wishes and continued to place numerous harassing phone calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff MICHAEL BARNES requests that this Honorable Court:
- a. Enter judgment in Plaintiff's favor and against Defendant;
- b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
- c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
- d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);
- e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and
- f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: February 8, 2021                                                                 Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*